SHERRY *v*. REYNOLDS.

Irrelevant instructions, or harmless erroneous instructions, given to the jury, furnish no ground for reversing a judgment.

ERROR to the *Tippecanoe* Circuit Court.

PERKINS, J.—*John Sherry* brought an action of trespass against *Matthew H. Winton* and *William F. Reynolds*, charging an assault and battery and a false imprisonment. The defendants severed in pleading. *Reynolds* pleaded the general issue. A jury was called and the issue tried. The plaintiff obtained a verdict for 50 dollars damages against *Reynolds*, and judgment on the verdict. The issue upon *Winton's* plea has not been, so far as appears, submitted for trial. *Sherry*, dissatisfied with the amount of damages he obtained, prosecutes this writ of error.

The facts are these: The Circuit Court of *Carroll* county issued a writ of attachment against said *Sherry* and others for contempt in disobeying an injunction awarded by said Court. The writ was directed to said *Winton*, the sheriff of *Tippecanoe* county, commanding him to arrest *Sherry*, &c. *Sherry* resided in *Tippecanoe* county. *Winton* undertook to arrest him. *Sherry* resisted, and *Winton* commanded the assistance of *Reynolds*. *Reynolds* assisted, *Sherry* was taken and imprisoned, and this suit was instituted to recover damages therefor.

On the trial, the defendant read in evidence, in mitigation of damages, the writ of attachment, &c., to the sheriff, *Winton*. This is assigned for error. That writ was illegal upon its face, the Circuit Court of *Carroll* county having no authority to issue such a writ to the sheriff of another county, and was, of course, not a protection to those acting under it; but we think it was right that it should go in evidence to aid in explaining the circumstances and character of the arrest, as the jury might consider these in the assessment of damages. See *Hall* v. *Warren et al.*, 2 McLean 332.

The Court instructed the jury:

Nov. Term,
1851.

SHERRY
v.
REYNOLDS.

1. "That the proceedings on the attachment and warrant of commitment on which Mr. *Sherry* was arrested, were in the name of *The State of Indiana* v. *Sherry* and others, and were independent of, and no part of, the civil suit pending between the bank and the *Sherrys*.

2. "That Mr. *Reynolds* was as much bound as any other stranger to obey the command of the sheriff in serving said process, if the process had been legally issued."

*Reynolds* was in the bond given upon the granting of the injunction above named, and was a stockholder and director in the bank mentioned in the first instruction.

These instructions were objected to; but we do not see that they could have done any harm; for, whether the attachment was, or was not, to be regarded as an entirely separate proceeding from the suit by the bank, (a point we do not decide,) was a question that could not influence this case. The Court might have issued the writ, *mero motu*, as well in one case as the other; or the bank might have moved for it as well in one case as the other. Her agency in procuring it, if that was to have any weight, might have been as much, whether it was regarded as part of a pending, or as a new, suit; and that agency might have been shown to the jury. As to the injunction, its legality is not denied in this suit, nor in any other, so far as we are advised.

The second instruction asserts a truth, and it was not pretended below that the attachment-writ was legal. We do not know what other instructions were given, but we do know that said writ was not held out to the jury as legal, for the decision of the Supreme Court to the contrary was given in evidence to them; and harmless erroneous instructions are not ground for reversing a judgment.

There is no brief in the case, and no other points appear, by the record, to have been made.

*Per Curiam.*—The judgment is affirmed, with costs.

*R. C. Gregory, J. Pettit,* and *S. A. Huff,* for the plaintiff.

*A. S. White,* for the defendant.